UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN R. PETRI,

        Plaintiff,

v.                                            Case No. 06-C-0994

SOLO CUP COMPANY and METROPOLITAN
LIFE INSURANCE COMPANY,

        Defendants.

**MEMORANDUM DECISION AND ORDER**

This case comes before me on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be granted in part and denied in part.

**BACKGROUND**

Plaintiff John R. Petri commenced this action to recover benefits allegedly due under a policy of insurance issued on the life of his late wife. The policy was issued by Defendant Metropolitan Life Insurance Company ("MetLife") to plaintiff's employer, Defendant Solo Cup Company ("Solo Cup"), which offers life insurance to its employees and their dependents. According to the complaint, plaintiff, at the urging of Solo Cup, submitted an application for life insurance for his wife Marlene in late 2005. The amount of insurance requested was $250,000, and plaintiff was to be named the beneficiary. Shortly thereafter, plaintiff received from his employer a form confirming that the insurance on his wife's life would be effective January 1, 2006. Plaintiff was advised that the cost of the insurance per pay period was $29.02, or $33.24 after tax, and that

he needed to complete an Evidence of Insurability Form (EOI), which he would receive within fourteen days of his election to place the coverage. Although plaintiff never received the EOI form, Solo Cup deducted from plaintiff's paycheck the amounts necessary to pay for the insurance on his wife from January until her death in May 2006. When plaintiff submitted a claim to MetLife for the benefits due under the policy, he was informed that the life insurance on his wife had not been placed because the "Spouse Life Insurance election had not yet been approved." (Compl. ¶¶ 4-10.)

Plaintiff thereupon commenced this action in the Circuit Court for Winnebago County against Solo Cup and MetLife. Alleging that the claims against the defendants were governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, Solo Cup, with the consent of MetLife, removed the action to federal court. *See* 28 U.S.C. §§ 1441, 1446. Solo Cup then filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim on the ground that the only claims stated in plaintiff's complaint are state common law claims that are preempted by ERISA. In response, plaintiff argues (1) that Solo Cup's motion should be denied because ERISA does not preempt his state law claims; and, (2) even if it does, dismissal is inappropriate since his complaint is sufficient to state a claim under ERISA. In its reply, Solo Cup concedes that, under the federal rules' liberal pleading standard, plaintiff's complaint states a claim under ERISA. Solo Cup continues to maintain, however, that plaintiff's state law claims are preempted and should therefore be dismissed.

## ANALYSIS

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). The Supreme Court has held that as part of this closely integrated regulatory system Congress

included a broad preemption provision which proscribes interference with rights protected by ERISA and a carefully integrated civil enforcement scheme that is one of the essential tools for accomplishing the stated purposes of ERISA. *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 138 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 54 (1987). ERISA's preemption clause reads:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). The Court has noted that the key in interpreting this provision, which is "conspicuous for its breadth," *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990), is found in the words "relate to":

> A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. . . . Under this broad common-sense meaning, a state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. . . . Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements.

*Ingersoll-Rand*, 498 U.S. at 139.

In this case, the plan documents submitted by Solo Cup in support of its motion clearly show that the dependent life insurance benefit offered to plaintiff through his employer is part of a welfare benefit plan Solo Cup offers to its employees. (Aff. of John Murray, Exs. 2, 3 and 4.)[1] Solo Cup is the holder of the life insurance policy issued by MetLife. This policy is part of a package of benefits Solo Cup makes available to union employees at its Oshkosh facility. The summary plan description identifies Solo Cup as the Plan Administrator and as the Plan's agent for service of legal

---

[1] Although this is a motion to dismiss under Rule 12(b)(6), plaintiff does not oppose my consideration of the plan documents attached to counsel's affidavit. *See* Murray Aff. at ¶ 6.

process. Employees are directed to bring questions about available insurance benefits to Solo Cup, and Solo Cup reserves the right to change or terminate the Plan at any time. The Plan reserves to Solo Cup the discretionary authority to interpret its terms and to determine eligibility for, and entitlement to, Plan benefits. Finally, the Plan advises employees that if they wish to examine plan documents they may do so at Solo Cup's offices. (Murray Aff., Ex. A.)

Indeed, plaintiff does not even dispute Solo Cup's contention that the dependent life insurance he applied for is part of the welfare benefit plan Solo Cup offers to its employees. Instead, plaintiff argues that the state law claims his complaint supports are not preempted under the facts alleged here because they fall outside of ERISA's broad reach. Plaintiff contends that his complaint alleges facts that would entitle him to relief under various state theories, including breach of contract, misrepresentation, waiver and estoppel. (Pl.'s Resp. Br. at 6.) He argues that because Solo Cup failed to provide him with an EOI form, there is no ERISA contract; all that exists is Solo Cup's promise regarding life insurance. (*Id.*) Since Solo Cup's promise is not contained in a written plan document as section 402(a)(1) of ERISA, 29 U.S.C. § 1102(a)(1), requires, plaintiff contends that his claim against Solo Cup is not governed by ERISA. (*Id.* at 6-7.)

Plaintiff's argument has no support in logic or in current law. The fact the Plan Administrator failed to provide him with the EOI form may be a violation of ERISA, but it does not take plaintiff's claim for benefits outside of ERISA. His claim for the benefits due under the spousal life insurance he applied for, whether framed in terms of claim for breach of contract, misrepresentation, estoppel or waiver, is clearly a claim that "relates to" the employee benefit plan offered by his employer. *See Vallone v. CNA Financial* Corp., 375 F.3d 623, 639 (7th Cir. 20040 (noting "that claims by a beneficiary for wrongful denial of benefits (no matter how they are styled) have been held by the Supreme Court to 'fall [ ] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes'") (*quoting*

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). I therefore conclude that all state claims are preempted by ERISA and should be dismissed.

But as Solo Cup concedes, this does not mean plaintiff's action must be dismissed. As the Seventh Circuit has repeatedly instructed district courts, the rules governing pleading in federal court require mere notice of the claim asserted in the form of a short and plain statement of the claim showing that the pleader is entitled to relief; not a catalogue of the facts and identification of the legal theory under which relief will be sought. *McDonald v. Household Intern., Inc.*, 425 F.3d 424, 427 (7th 2005); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078-79 (7th Cir.1992). Plaintiff has provided such notice here. The facts set forth in his complaint are sufficient to state a federal common law claim for estoppel and a claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). At least I am unable to say at this point that under no circumstances would he be able to recover on such theories. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the motion will be denied as to these claims.

## ORDER

For the reasons set forth above, Solo Cups' motion is GRANTED IN PART AND DENIED IN PART. The motion to dismiss is GRANTED as to plaintiff's state law claims and DENIED as to his federal common law claim of estoppel and his claim for benefits under 29 U.S.C. § 1132(a)(1)(B). The clerk will set this matter for a Fed. R. Civ. P. 16 telephone scheduling conference.

**SO ORDERED** this   4th   day of January, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge